USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 94-1408 CASA MARIE HOGAR GERIATRICO, INC., ET AL., Plaintiffs, Appellants, v. ESTHER RIVERA-SANTOS, ET AL., Defendants, Appellees. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jose Antonio Fuste, U.S. District Judge] ___________________ _________________________ Before Selya, Circuit Judge, _____________ Campbell, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ _________________________ Charles S. Hey-Maestre, with whom Rick Nemcik-Cruz was on _______________________ ________________ brief, for appellants. Ramon L. Walker Merino for appellees. ______________________ _________________________ October 28, 1994 _________________________ SELYA, Circuit Judge. In this appeal, Casa Marie Hogar SELYA, Circuit Judge. _____________ Geriatrico, Inc. (Casa Marie), a residential elder-care facility, and its principals, Victor Pla, Damaris Rodriguez, Maria Pla, and Francisco Monrouzeau (collectively, appellants), calumnize an order assessing attorneys' fees against them under the Fees Act, 42 U.S.C. 1988 (1988). Because the district court's findings are not sufficiently complete to justify a fee award, we vacate the order and remand for further proceedings. I. BACKGROUND I. BACKGROUND The history of this litigation has been chronicled at considerable length both in the district court's initial decision, see Casa Marie, Inc. v. Superior Court, 752 F. Supp. ___ ________________ ______________ 1152, 1154-60 (D.P.R. 1990) (Casa Marie I), and in our opinion _____________ vacating the judgment entered pursuant thereto, see Casa Marie, ___ ___________ Inc. v. Superior Court, 988 F.2d 252, 255-58 (1st Cir. 1993) ____ _______________ (Casa Marie II). Because there is scant benefit in repastinating _____________ well-spaded soil, we touch only on such matters as are directly relevant to the instant appeal. Casa Marie's decision to locate its elder-care facility within the municipality of Arecibo, Puerto Rico, set in motion a train of events that led to the present encounter. Displeased by Casa Marie's intrusion into a residential subdivision, Jardines de Arecibo (JDA), a group of neighbors filed suit in the Puerto Rico Superior Court on April 18, 1988. They alleged that operation of the facility violated municipal zoning ordinances and restrictive covenants applicable to the JDA subdivision. 2 After vigorous skirmishing, not relevant here, the superior court entered judgment for the neighbors and ordered Casa Marie to close its doors. When appellants continued to operate in defiance of the ban, the neighbors initiated enforcement proceedings. On October 9, 1990, the superior court issued a civil contempt citation, ordering the arrest and imprisonment of Casa Marie's principals if they failed to comply with the original judgment within a stated time frame. At that point, appellants apparently concluded that the best defense was a good offense. Joined by a cadre of elderly persons who resided at the facility, appellants brought a civil action in the United States District Court for the District of Puerto Rico on October 19, 1990. The plaintiffs invoked 42 U.S.C. 1983 (1988) and the Fair Housing Act, 42 U.S.C. 3601- 3617 (1993) (FHA), alleging that the neighbors and the superior court had acted in concert to enforce the zoning ordinances and restrictive covenants selectively; that these efforts were born of a discriminatory animus; and that, by composing and orchestrating this scheme, the named defendants transgressed section 1983, the Equal Protection Clause, and the FHA. The district court proved hospitable to this counteroffensive. It determined that the neighbors' use of the local court system constituted "state action," and that the elderly persons residing at the facility had established violations of both section 1983 and the FHA. Consequently, the district court enjoined the neighbors from executing the superior 3 court judgment. See Casa Marie I, 752 F. Supp. at 1165-69. ___ ______________ However, the court's hospitality extended only to the aged; remarking appellants' participation in the earlier superior court action and citing res judicata principles, the district court ___ ________ dismissed their federal claims but kept them in the case as "necessary parties for the disposition of th[e] separate action by the elders." Id. at 1161. ___ On appeal, a panel of this court vacated the district court's judgment on two grounds. First, the panel discerned no state action sufficient to undergird the section 1983 claim. See ___ Casa Marie II, 988 F.2d at 258-60. Second, the panel ruled that ______________ federal law, including abstention doctrines and the Anti- Injunction Act, 28 U.S.C. 2283 (1988), barred injunctive relief under the FHA. See Casa Marie II, 988 F.2d at 260-70. In the ___ _____________ last sentence of the opinion, the panel stated that "[d]ouble costs are awarded against Casa Marie and its owners." Id. at ___ 270. In due course, the neighbors, having prevailed, sought upward of $25,000 in counsel fees against appellants (though not against the other plaintiffs). On February 25, 1994, the district court granted the neighbors' application in part and awarded fees in the amount of $18,052.50. The court hinged its order on the Fees Act, restricting the award to time spent on the section 1983 claim and disregarding all time spent on the FHA 4 claim. This appeal followed.1 II. LEGAL PRINCIPLES AFFECTING REVIEW II. LEGAL PRINCIPLES AFFECTING REVIEW It is firmly settled in this circuit that, when shifting fees, "the district court is expected to explain its actions." Foster v. Mydas Assoc., Inc., 943 F.2d 139, 141 (1st ______ ___________________ Cir. 1991). One cardinal reason for this rule is to facilitate appellate review a goal that is better achieved when the nisi ____ prius court produces a suitable set of findings and an _____ explication of why it authored the particular fee award. See ___ Peckham v. Continental Cas. Ins. Co., 895 F.2d 830, 842 (1st Cir. _______ _________________________ 1990). Although such findings need not be "infinitely precise," United States v. Metropolitan Dist. Comm'n, 847 F.2d 12, 16 n.4 _____________ __________________________ (1st Cir. 1988), they must be reasonably complete and offer at a bare minimum a "clear explanation of [the district court's] reasons for the fee award," Hensley v. Eckerhart, 461 U.S. 424, _______ _________ 437 (1983), together with some appropriate "method and manner" insight into how the award was calculated, see Blum v. Stenson, ___ ____ _______ 465 U.S. 886, 888 (1984). We review fee-shifting orders for abuse of discretion. See Foley v. City of Lowell, 948 F.2d 10, 18 (1st Cir. 1991); ___ _____ _______________ Metropolitan Dist. Comm'n, 847 F.2d at 14. While this is a ___________________________ deferential mode of oversight, the standard is not entirely toothless; the court of appeals will find an abuse of discretion,  ____________________ 1Appellees have not cross-appealed the denial of fees in connection with the FHA claim. Therefore, the district court's order has become final in that respect. 5 and set aside the underlying order, "when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them." Foster, 943 F.2d at 143, quoting Independent Oil & Chem. ______ _______ _______________________ Workers of Quincy, Inc. v. Procter & Gamble Mfg. Co., 864 F.2d ________________________ __________________________ 927, 929 (1st Cir. 1988). III. ANALYSIS III. ANALYSIS Appellants advance two interrelated arguments in aid of their contention that the lower court stumbled. First, they claim that the trial judge abused his discretion by relying on the appellate panel's imposition of double costs as a dispositive factor with respect to whether fees should be awarded in the ______ district court. Second, they asseverate that the facts of this ______________ case do not warrant a fee award under 42 U.S.C. 1988 (or, at the least, that the judge failed to find facts sufficient to underpin such an award).2 A A  ____________________ 2In their brief, appellants also bemoan the district court's ostensible failure to consider their financial condition in imposing a fee award. Although we have held that "an award of attorney's fees to a prevailing defendant must not be oblivious of a plaintiff's financial capacity," Charves v. Western Union _______ _____________ Tel. Co., 711 F.2d 462, 465 (1st Cir. 1983), appellants' _________ importuning comes too late. A party desirous of holding down the size of a fee award by reason of limited resources has the burden of raising the point in a timely fashion and thereafter establishing his financial condition. See Gibbs v. Clements Food ___ _____ _____________ Co., 949 F.2d 344, 345 (10th Cir. 1991). In the district court, ___ appellants disregarded these requirements. Since it is our usual policy to eschew consideration of points not seasonably raised below, see, e.g., Clauson v. Smith, 823 F.2d 660, 666 (1st Cir. ___ ____ _______ _____ 1987), we deem appellants to have waived the argument. 6 In civil rights cases, fee-shifting in favor of a prevailing plaintiff is the rule, whereas fee-shifting in favor of a prevailing defendant is the exception. Thus, though a prevailing plaintiff is presumptively entitled to fee-shifting in such a case, see, e.g., Hensley, 461 U.S. at 429, a prevailing ___ ____ _______ defendant is entitled to similar largesse only if she can establish that the plaintiffs' suit was totally unfounded, frivolous, or otherwise unreasonable, see Hughes v. Rowe, 449 ___ ______ ____ U.S. 5, 14 (1980); Christiansburg Garment Co. v. EEOC, 434 U.S. __________________________ ____ 412, 421 (1978); Foster, 943 F.2d at 145-46. The court below ______ accurately rehearsed this standard in its unpublished memorandum order. But the court compressed into a single paragraph its discussion of whether appellants' section 1983 claim sank to these depths. The court wrote: In light of [Christiansburg and its progeny], ______________ no relief is available to the defendants unless we find that plaintiffs' action was frivolous. Defendants' attorneys suggest that the imposition of double costs on the owners of Casa Marie on appeal is an indication of the meritlessness of [their] action. Although the Court of Appeals did not explain its reasoning, we assume that the imposition of the sanction of double costs reflects a finding that the case lacked merit as to these particular plaintiffs. See also ___ ____ Eastway Constr. Corp. v. City of New York, ______________________ _________________ 762 F.2d 243, 252 (2d Cir. 1985). After writing this paragraph, the court immediately switched gears and began discussing why fee-shifting was not warranted in connection with the FHA claim. Then, without returning to the section 1983 claim or offering additional insights into its reasons for pulling the trigger of the Fees Act, the court 7 awarded a sum certain. Thus, when all is said and done, the district court made specific mention of only one factor the assessment of double costs on appeal as a particularized justification for its fee award. Appellants assail the trial judge's reliance on this solitary factor as a bellwether for shifting fees in the district _______________ court. They advocate a bright-line rule to the effect that a _____ trial court may not consider an appellate court's imposition of sanctions in determining frivolity for the purpose of a fee award in favor of a prevailing defendant under 42 U.S.C. 1988. Any such consideration, they contend, would contravene the Supreme Court's mandate that a district court considering a fee request from a prevailing defendant should "resist the understandable temptation to engage in post hoc reasoning." Christiansburg, 434 ______________ U.S. at 421-22. The appellees also hawk a bright-line rule, but they propose drawing the line at a much different angle. Specifically, appellees would have us hold that an appellate court's imposition of double costs is tantamount to a finding of frivolity, and that, therefore, it is always proper for the trial court to rely on such an impost as a factor in awarding attorneys' fees to a prevailing defendant. To be sure, bright lines are sometimes useful in the law. But for all their seductive allure, they have a tendency in certain situations to blind courts and lawyers to the subtleties inherent in the problems to which they are addressed. So it is here. We are wary of the glare in this context and refuse to 8 adopt either of the bright-line rules proposed by the protagonists. In lieu of a rigid rule, we prefer to recognize the relevant reality: that the significance of an appellate court's dispensation of double costs to the district court's determination of frivolity will vary case by case. Appellate sanctions are appropriately awarded when an appellant prosecutes an appeal "without any realistic hope of prevailing." Ochoa _____ Realty Corp. v. Faria, 815 F.2d 812, 818 (1st Cir. 1987). In ____________ _____ some situations, a determination that an appeal was foredoomed may bear no relationship to the question of whether the underlying action was frivolous when commenced.3 In other situations, however, a determination that an appeal was taken against all odds may bear directly upon, or at least inform, the district court's judgment as to the frivolity of the suit ab __ initio.4 To enable the district court to tell the difference, ______  ____________________ 3Consider the example of a tort action hinging upon the credibility of witnesses and involving evaluative judgments about the care (or lack of care) exhibited by the protagonists. Though such cases are often fairly debatable when brought (and, thus, not frivolous), they may be so factbound that an appeal of a jury verdict on liability might well be deemed frivolous. See, e.g., ___ ____ Levesque v. Anchor Motor Freight, Inc., 832 F.2d 702 (1st Cir. ________ ___________________________ 1987); see also La Amiga del Pueblo, Inc. v. Robles, 937 F.2d ___ ____ ___________________________ ______ 689, 692 (1st Cir. 1991) (holding that an appeal from a jury verdict was frivolous given conflicting evidence and lack of preserved objections, although the trial itself may have presented fairly debatable questions). 4Consider a case in which the district court grants summary judgment against a plaintiff and the appellate court, applying de __ novo review, determines that the plaintiff's claims are ____ frivolous. Such a case may well have been totally groundless when brought, and the appellate court's conclusion may inform that determination, especially if neither the known facts nor the 9 the appellate court must furnish, or the record must adumbrate, a reasoned explanation of why the sanction was levied. Assuming for argument's sake that, as appellees would have it, the panel in Casa Marie II intended double costs as a ______________ sanction,5 this action, without further explication, sheds no light on the question of whether appellants' section 1983 claim was unfounded or frivolous when originally raised in the district court. Because the appellate panel kept its own counsel and the record does not suggest an obvious reason for its action,6 it follows that the district court's reliance on the appellate sanction as a proxy for a finding of frivolity was improper. A _ fortiori, such reliance cannot comprise an adequate substitute ________  ____________________ law changed materially during the pendency of the litigation. See, e.g., Raskiewicz v. Town of New Boston, 754 F.2d 38 (1st ___ ____ __________ ___________________ Cir.), cert. denied, 474 U.S. 845 (1985); see also Sierra Club v. _____ ______ ___ ____ ___________ Secretary of Army, 820 F.2d 513, 518-20 (1st Cir. 1987) ___________________ (upholding district court award of fees under EAJA where district court, on remand, had relied on a prior appellate decision in making its determination that government's original position was ________ not substantially justified). 5In their attack on the district court's order, appellants assert that, since the panel provided no explanation for the impost, it is at least arguable that double costs were merely a special compensatory assessment under Fed. R. App. P. 39(a) rather than a sanction. We find this argument to be ingenious, but not particularly persuasive. In any event, even if double costs were intended as a sanction, the district court's use of the datum cannot stand. See infra. ___ _____ 6Indeed, Casa Marie and its principals remained in the case not of their own volition, but because the district court opted to retain jurisdiction over them after dismissing their complaint. See Casa Marie I, 752 F. Supp. at 1161. They filed ___ ____________ no notice of appeal, and to the extent they appeared at all, they appeared as appellees, not appellants, in Casa Marie II. _______________ Consistent with this circumscribed role, they neither filed a brief nor presented oral argument in this court. 10 for the concrete findings ordinarily demanded as a prerequisite to a fee-shifting order. See Peckham, 895 F.2d at 842. ___ _______ B B The neighbors have one last string to their bow. They maintain that, putting to one side its misplaced reliance on the award of double costs, the district court made enough additional findings to prop up a conclusion that appellants' section 1983 claim was frivolous when brought. In this vein, appellees argue that the district court's cryptic citation to Eastway, coupled _______ with its earlier allusion to the fact that appellants' claims originally were dismissed on res judicata grounds,7 constitute ___ ________ "findings" sufficient to ground the fee award. We do not think that the district court's rescript permits so generous a reading. While the court's citation to Eastway may perhaps hint that the fee award was based in part on _______ the res judicata bar that blocked appellants' federal court ___ ________ action from the start,8 any such indication is substantially outweighed by the fact that the district court's only explicit reference to res judicata actually cuts against the neighbors' ___ ________  ____________________ 7This is by all odds a slender reed. The court simply wrote, in describing the travel of the case, that "[t]he owners of the facility were dismissed on res judicata grounds, but were ___ ________ retained as necessary parties." 8In Eastway, the Second Circuit reversed the district _______ court's denial of attorneys' fees to a prevailing defendant in a civil rights action, finding it "particularly noteworthy that [the plaintiff] had already challenged the City's policy in the state courts, and had been unsuccessful," and stating that "[t]hese proceedings should at least have put [plaintiff] on notice of the possibility that its adversary might be awarded counsel fees." 762 F.2d at 252 (citation omitted). 11 hypothesis that the res judicata dismissal provided the basis for ___ ________ the fee award. We explain briefly. The district court gave two reasons for its decision not to bestow fees in connection with the FHA claim. First, the Court concluded that it could not classify the FHA claim as frivolous because "the First Circuit found that [the district court] should have abstained in favor of the state proceedings," and, therefore, made "no holding on the merits . . . in that claim." Second, the court noted that, because appellants' claims in federal court were barred by res judicata, appellants were ___ ________ only retained in the action as necessary parties. Relying on "these reasons," the court denied counsel fees on the FHA claim. Thus, it appears that the district court used the res judicata ___ ________ dismissal of appellants' FHA claim as a justification for not ___ awarding attorneys' fees on that claim.9 Presumably, what is sauce for the goose is also sauce for the gander: because the district court dismissed appellants' section 1983 claim on the very same res judicata grounds, the record strongly suggests that ___ ________ the court could not have believed this circumstance as a justification for a fee award.10 We can only assume, therefore, that the court awarded attorneys' fees to the  ____________________ 9We take no view of the correctness of this holding. Rather, we cite to it in an effort to elucidate the district court's thinking. 10This logic seems especially compelling when one realizes that appellants' involuntary retention in the case was a sequelae not only of the dismissal of their FHA claim, but also of the dismissal of their section 1983 claim. 12 neighbors on the section 1983 claim for some other reason, say, _____ because the court of appeals awarded double costs. We need not beat this drum too long or too loudly. The crux of the matter is not whether the district court "could" or "might" have intended to give weight to the circumstances leading to the res judicata dismissal of the section 1983 claim. What ___ ________ counts is that the record is fuliginous on this point. Appellate review of a fee award must comprise more than a shot in the dark. When, as now, the district court's fee-shifting order leaves critical questions unanswered, the order cannot stand. C C Although the district court's fee-shifting order must be vacated, the course of future proceedings is open to debate. Appellants invite us to decide here and now that no plausible rendition of the record will sustain a fee-shifting order. We decline the invitation. Once we discount the district court's improper reliance on the earlier imposition of double costs, we are left to guess about the district court's thinking. Here, as in Foster, plunging ahead would be tantamount to "usurping the ______ district court's function, [and] depriving ourselves, and the parties, of the insights of the judicial officer most intimately familiar with the case and its nuances." Foster, 943 F.2d at ______ 144. We will not participate in such a speculative exercise. For these reasons, we conclude that the course of both fairness and prudence is to remand for further consideration of, and findings appertaining to, the application for an award of 13 fees in respect to the section 1983 claim. We intimate no opinion as to appellees' entitlement vel non to such fees. ___ ___ Vacated and remanded. No fees or costs shall be Vacated and remanded. No fees or costs shall be _____________________ _____________________________ awarded to any party, under 42 U.S.C. 1988 or otherwise, for awarded to any party, under 42 U.S.C. 1988 or otherwise, for _________________________________________________________________ work in connection with this appeal. work in connection with this appeal. ___________________________________ 14