USCA1 Opinion

 

 February 1, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1852  RODOLFO A. VARGAS, Plaintiff, Appellant, v. TIMOTHY R. E. KENNEY, IN HIS OFFICIAL CAPACITY, AS DIRECTOR OF THE RHODE ISLAND DEPARTMENT OF ENVIRONMENTAL MANAGEMENT, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ernest C. Torres, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Stahl, Circuit Judges. ______________ ____________________ Rodolfo A. Vargas on brief pro se. _________________ Michael K. Marran on brief for appellee. _________________ ____________________ ____________________ Per Curiam. In 1994, plaintiff/appellant Rodolfo A. ___________ Vargas brought suit alleging that, while employed at the Rhode Island Department of Environmental Management [DEM], he had been subject to racial harassment and had been terminated because of his national origin, both in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et __ seq. Judgment was entered for defendant after a three day ___ bench trial and affirmed by this court. Subsequent to entering judgment, the district court granted the motion of the defendant/appellee for attorneys' fees and costs, purusant to 42 U.S.C. 2000e-5(k). Vargas' appeals the grant of fees and costs. We affirm. A prevailing defendant in a civil rights case is entitled to fees and costs only if the defendant can establish that the plaintiff's suit "was totally unfounded, frivolous, or otherwise unreasonable." Case Marie Hogar _________________ Geriatrico, Inc. v. Rivera-Santos, 38 F.3d 615, 618 (1st Cir. ________________ _____________ 1994) (citing cases). Given that the district court is "most intimately familiar with the case and its nuances," Foster v. ______ Mydas Associates, Inc., 943 F.2d 139, 144 (1st Cir. 1991), _______________________ and thus in the best position to determine whether fee shifting is warranted, we review an award of fees and costs in a civil rights case only for abuse of discretion, Case ____ Marie, 38 F.3d at 618. Nonetheless, we do require "that _____ concrete findings of fact be made and that the court below supply a clear explanation of the reasons undergirding a particular fee award." Peckham v. Continental Cas. Ins. Co., _______ _________________________ 895 F.2d 830, 842 (1st Cir. 1990). In addition, we have held that "an award of attorney's fees to a prevailing defendant must not be oblivious of a plaintiff's financial capacity." Charves v. Western Union Telegraph Co., 711 F.2d 462, 465 _______ ____________________________ (1st Cir. 1983). In the instant case, the district court conducted a careful review of all the evidence put forward by the plaintiff and then determined that there was "absolutely no factual basis for finding that the Defendant intentionally discriminated against the Plaintiff or to find that any treatment the Plaintiff received was based on some discriminatory animus because of his race." We find the reasons given by the district court for its fee shifting both clear and firmly supported by the record. Moreover, after making its award, the court afforded plaintiff three separate opportunities to present evidence of any limited ability to pay the award. Nevertheless, plaintiff, despite his claim of limited financial resources, steadfastedly refused to provide the court with any documentation as to his financial condition. Having refused to meet the burden of establishing his financial condition, plaintiff cannot be heard to complain about any failure to adjust the award in light of that condition. See Case Marie, 38 F.3d at 618 n.2.  ___ __________ Finally, we find no support in the record for Vargas' claim of judicial bias. -3- The order of the district court is affirmed.*  ________  ____________________ * Appellee requests sanctions against appellant, pursuant to Fed. R. App. P. 38, for bringing a frivolous appeal. However, Fed. R. App. P. 38 requires "a separately filed motion." Since no separate motion was filed in this case, the request for sanctions is denied. ______ -4-