Melvin v. Vercelli's, Inc.          CV-97-104-SD  10/14/98
          UNITED STATES DISTRICT COURT FOR THE

                DISTRICT OF NEW HAMPSHIRE


<u>Willie Melvin</u>


     v.                          Civil No. 97-104-SD


<u>Vercelli's, Inc.</u>



                    O R D E R


     In this civil rights action, the jury returned a verdict for

defendant on plaintiff's claim of racial discrimination.

Defendant now moves for attorney's fees.  Document 36.[1]

Plaintiff objects.  Document 39.

     It is judicially well established that "in civil rights

cases, fee-shifting in favor of a prevailing plaintiff is the

rule, whereas fee-shifting in favor of a prevailing defendant is

the exception."  <u>Casa Marie Hogar Geriatrico, Inc. v. Rivera-</u>

---

[1]The motion for attorney's fees is grounded on Title 42,
United States Code section 2000e-5(k), which provides,

> In any action or proceeding under this
> subchapter the court, in its discretion, may allow
> the prevailing party, other than the Commission or
> the United States, a reasonable attorney's fee
> (including expert fees) as part of the costs, and
> the Commission and the United States shall be
> liable for costs the same as a private person.

<u>Santos</u>, 38 F.3d 615, 618 (1st Cir. 1994). Accordingly, a defendant may recover an award of fees only if the court finds that plaintiff's action "was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412, 421 (1978).

Such finding cannot here be made. Although defendant prevailed, in part, in its motion for summary judgment,[2] the court found, both in that proceeding and at the close of the evidence in the jury trial, that there existed sufficient evidence to present a jury question as to plaintiff's core claims of racial discrimination. It is to be remembered that the court is barred from engaging "in <u>post hoc</u> reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." <u>Id.</u> at 421-22.

---

[2]In its order of July 23, 1998, the court granted summary judgment for defendant on plaintiff's claims of unequal pay and wrongful discharge. Document 17. Plaintiff's claims of a racially hostile work environment and constructive discharge remained viable, <u>id.</u>, and were ultimately submitted to the jury.

Accordingly, defendant's motion for attorney's fees must be and it is herewith denied.

SO ORDERED.

Shane Devine, Senior Judge
United States District Court

October 14, 1998

cc:  Michael J. Sheehan, Esq.
     Biron L. Bedard, Esq.