Rogers, Chas. v. Rockingham Cnty.      CV-96-560-SD  10/26/98
                    UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEW HAMPSHIRE


Charles F. Rogers

     v.                              Civil No. 96-560-SD

County of Rockingham, et al


                            O R D E R


     Invoking Rule 26(g)(3), Fed. R. Civ. P.,[1] the defendants

EMSA Correctional Care, Inc., Sandra Chapman, and Joan

Houghtaling (private defendants) move for sanctions to include

attorney's fees.  Document 98.[2]  For reasons that follow, the

motion must be denied.

---

     [1]Rule 26(g)(3), Fed. R. Civ. P., provides:

          If without substantial justification a
          certification is made in violation of the rule,
          the court, upon motion or upon its own initiative,
          shall impose upon the person who made the
          certification, the party on whose behalf the
          disclosure, request, response, or objection is
          made, or both, an appropriate sanction, which may
          include an order to pay the amount of the
          reasonable expenses incurred because of the
          violation, including a reasonable attorney's fee.

     [2]The motion was filed on October 1, 1998, and plaintiff's
time for response thereto expired on October 21, 1998, without
any such response being filed.

## 1. Background

In this civil rights case, the pro se plaintiff, Charles F. Rogers, claimed that his constitutional rights were violated while he was detained in the Rockingham County House of Corrections. Ultimately his case foundered when the court issued a series of orders granting summary judgment to all of the defendants.

The focus of the present motion, however, is on an earlier motion to dismiss filed by the private defendants. That motion sought dismissal on the ground that plaintiff had failed to designate expert witnesses with respect to his medical malpractice claims. As plaintiff had responded to that motion by designating Drs. Michael Lannon and Derek Stern as such experts, the court denied the motion to dismiss.

The private defendants now contend that their contacts with Drs. Lannon and Stern make clear that those physicians were not retained to and would not have been testifying in favor of plaintiff's claim in this action.[3] Contending that, absent the misrepresentation of plaintiff as to these experts, their motion

---

[3]The movants attach to their motion letters to this effect from Drs. Lannon and Stern.

2

to dismiss would have been granted,[4] the private defendants now move for attorney's fees.

## 2. Discussion

It is judicially well established that "in civil rights cases, fee-shifting in favor of a prevailing plaintiff is the rule, whereas fee-shifting in favor of a prevailing defendant is the exception." Casa Marie Hogar Geriatrico, Inc. v. Rivera-Santos, 38 F.3d 615, 618 (1st Cir. 1994). A pro se plaintiff in a civil rights case "should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." Hughes v. Rowe, 449 U.S. 5, 15 (1980) (per curiam). Thus defendants will record an award of fees only if the court finds that plaintiff's action "was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). Having in mind that the court is barred from engaging "in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation," id. at 421-22, such finding cannot here be made.

---

[4]This is not necessarily so. Depending on the circumstances existing at the time, the court might have been willing to extend discovery to permit plaintiff to retain new experts.

3

In sum, Mr. Rogers' case was not overwhelming, but his allegations were sufficient, the court finds, to bar recovery of attorney's fees for his action and, accordingly, the motion for attorney's fees must be and it is herewith denied.

SO ORDERED.


Shane Devine, Senior Judge
United States District Court

October 26, 1998

cc:  Charles F. Rogers, pro se
     Cynthia L. Fallon, Esq.

4