USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit
 ____________________

No. 98-2281

 JASON BERCOVITCH, ET AL.

 Plaintiffs, Appellees,

 v.

 BALDWIN SCHOOL, INC., ET AL.
 
 Defendants, Appellants.
 
 
 ____________________

 
 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Salvador E. Casellas, U.S. District Judge]

 ____________________

 Before

 Stahl, Circuit Judge,
 Gibson, Senior Circuit Judge,
 and Lynch, Circuit Judge.
 
 ____________________

 Nathan Z. Dershowitz, Amy Adelson, and Dershowitz &
Eiger, P.C. on brief for appellants.
 Alfredo Fernandez-Martinez, Maria Eugenia Rodriguez-
Lopez, and Delgado-Cadilla, Fernandez-Martinez & Rodriguez-Lopez,
LLP on brief for appellees.

 ____________________

 August 30, 1999
 ____________________ LYNCH, Circuit Judge. The Baldwin School, a private
school, was sued in March 1997 by parents trying to block their
son's indefinite suspension from school for repeated disciplinary
violations. The suit was brought under the Americans with
Disabilities Act of 1990 (ADA), 42 U.S.C. 12182 et seq., the
Federal Rehabilitation Act of 1973, 29 U.S.C. 701 et seq., and
Puerto Rican law. The district court issued a preliminary
injunction, which kept the student in school for the remainder of
his sixth grade year, and then issued another order requiring the
school to re-enroll the student for the next school year. The school
appealed.
 This court, addressing the issue for the first time under
the ADA, held that the court erred in failing to enforce an
arbitration agreement between the parents and the school. See
Bercovitch v. Baldwin School, Inc., 133 F.3d 141, 147-51 (1st Cir.
1998). We also held that the preliminary injunction could not be
justified as one maintaining the status quo pending arbitration
because the plaintiffs had not demonstrated a probability of success
on the merits. See id. at 151-56. We ordered the case to arbitration
and vacated the injunction, but stayed the mandate for a period to
allow the parents to find a new school for their son. See id. at
156. On remand, the district court ordered the case dismissed.
 The school, asserting it was the prevailing party, then
sought attorney's fees against the parents. The district court
denied the motion and that claim for attorney's fees is the subject
of this appeal. The plaintiffs' brief accurately describes the
relations between the parties as "strained and contentious"; sadly,
in this appeal, as in the first, "[t]he parties have engaged in a
battle of blaming." Bercovitch, 133 F.3d at 147.
 The appeal raises two issues; the only one of pure law
has not yet been addressed by this court. The novel issue concerns
what standard should be applied in determining whether attorney's
fees should be awarded to a prevailing defendant in a case under the
ADA and the corollary Rehabilitation Act. The district court
concluded that the standard established by this court for prevailing
defendants in civil rights actions under 42 U.S.C. 1988 should
apply here. The 1988 standard is as follows:
 In civil rights cases, fee-shifting in favor of a
 prevailing plaintiff is the rule, whereas fee-shifting in
 favor of a prevailing defendant is the exception. Thus,
 though a prevailing plaintiff is presumptively entitled
 to fee-shifting in such a case, a prevailing defendant is
 entitled to similar largesse only if she can establish
 that the plaintiffs' suit was totally unfounded,
 frivolous, or otherwise unreasonable.

Casa Marie Hogar Geriatrico, Inc. v. Rivera-Santos, 38 F.3d 615, 618
(1st Cir. 1994) (citations omitted). Prevailing defendants, under
this heightened standard, have a more difficult showing to make to
obtain attorney's fees than do successful plaintiffs.
 The second issue on appeal is whether it was an abuse of
discretion for the district court to conclude that the defendants
were not entitled to fees. The district court abused its discretion
if it applied an incorrect standard of law, ignored a factor, or
made a serious mistake in weighing the relevant factors. See I.P.
Lund Trading ApS v. Kohler Co., 163 F.3d 27, 33 (1st Cir. 1998).
 Under the American Rule, attorney's fees may be granted
only if the relevant statute provides for such an award. See Alyeska
Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247, 257
(1975). The ADA provides for the award of attorney's fees:
 In any action or administrative proceeding commenced
 pursuant to this chapter, the court or agency, in its
 discretion, may allow the prevailing party, other than
 the United States, a reasonable attorney's fee, including
 litigation expenses, and costs . . . .

42 U.S.C. 12205; accord 28 C.F.R. 36.505. The Rehabilitation Act
also provides for the award of attorney's fees:
 In any action or proceeding to enforce or charge a
 violation of a provision of this subchapter, the court,
 in its discretion, may allow the prevailing party, other
 than the United States, a reasonable attorney's fee as
 part of the costs.

29 U.S.C. 794a(b).
 The school makes two arguments regarding the availability
of attorney's fees: first, that the text of the statutes "mandate[]"
an award of fees to the prevailing party and, second, that the
heightened standard required to award fees to a prevailing defendant
in a civil rights action under 1988 is not applicable to the ADA.
The first argument is refuted by the text of the ADA: fees "may" be
awarded at the "discretion" of the court. 
 The school's second argument -- that under the ADA the
same standard applies for awarding attorney's fees to successful
defendants as applies to successful plaintiffs -- fails as well. The
school relies on the fact that the text of the ADA does not draw a
distinction between prevailing plaintiffs and prevailing defendants.
That is true. Nonetheless, courts have interpreted various
attorney's fees statutes in light of their congressional purposes
and those judge-made rules cannot be ignored. The Supreme Court has
held in a Title VII employment discrimination case that attorney's
fees may not be awarded to a prevailing defendant unless there is
a "finding that the plaintiff's action was frivolous, unreasonable,
or without foundation" or that "plaintiff continued to litigate
after it clearly became so." Christiansburg Garment Co. v. EEOC, 434
U.S. 412, 421, 422 (1978). The Supreme Court has applied the same
rule in actions brought under 42 U.S.C. 1983, as to which fees are
awarded under 42 U.S.C. 1988. See Hughes v. Rowe, 449 U.S. 5, 14
(1980). A successful defendant is in a different posture than a
successful plaintiff. A successful plaintiff vindicates an important
congressional policy and is awarded fees "against a violator of
[federal] law." Id. at 418. Neither is true of a successful
defendant. As we noted in a case under Title VII and 1988,
"decisions to grant defendants their fees are, and should be, rare."
Tang v. Rhode Island, Dep't of Elderly Affairs, 163 F.3d 7, 13 (1st
Cir. 1998).
 We hold that attorney's fees may not be awarded to a
prevailing defendant under the ADA unless the defendant establishes
that the plaintiff's suit was totally unfounded, frivolous, or
otherwise unreasonable or that the plaintiff continued the
litigation after it clearly became so. The same standard applies to
claims under the Rehabilitation Act, given that the language is
virtually identical. When Congress adopted the language of the ADA
as to attorney's fees in 1990, it was aware of the Christiansburg
rule and its extension to 1988 actions in Hughes. The ADA's
language on attorney's fees is, in relevant part, identical to that
of 1988. The choice was deliberate, and so we import the
Christiansburg test into the language of the ADA. Even if we were
unaware of congressional sentiment on this matter, moreover, we
would agree with Felix Frankfurter who wrote more than a half-
century ago, "if a word is obviously transplanted from another legal
source, whether the common law or other legislation, it brings the
old soil with it." Felix Frankfurter, Some Reflections on the
Reading of Statutes, 47 Colum. L. Rev. 527, 537 (1947).
 Creating a different standard for ADA cases would break
the commonly used analogy between the ADA and those other causes of
action arising in the discrimination and civil rights areas. The ADA
itself incorporates the procedures and enforcement mechanisms of
Title VII. See 42 U.S.C. 12117(a). And we have looked to Title VII
cases for guidance interpreting the ADA. See Soileau v. Guilford of
Maine, Inc., 105 F.3d 12, 16 (1st Cir. 1997). Other than pointing
to the fact that the ADA statutory language does not draw a
distinction between plaintiffs and defendants, the school offers no
reason why the strong analogy between the ADA and other civil rights
statutes should be broken here or why we should ignore the clear
congressional intent.
 The district court used the correct legal standard in
assessing the claim for attorney's fees. No serious argument can be
made that the parents' action was frivolous, unreasonable, or
without foundation at the time suit was brought or continued. As we
noted in our earlier opinion, several of the issues raised by the
plaintiffs' complaint were of first impression. See Bercovitch, 133
F.3d at 143. The school's brief mainly focuses on its own actions
and its belief that it went more than the extra mile to accommodate
a very troubled young man who posed enormous discipline problems.
While the school may have viewed the bringing of the lawsuit as
abusive, such subjective views are beside the point. The district
court's conclusion that the standard for awarding attorney's fees
to a prevailing defendant had not been met was amply justified. Even
had the parents' lawsuit been groundless when brought or continued,
the district court "still retains discretion to deny or reduce fee
requests after considering all the nuances of a particular case."
Tang, 163 F.3d at 15. 
 The Supreme Court has noted the dangers inherent in
parties continuing to battle each other in litigation over
attorney's fees. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).
It is time for these parties to leave the battlefield.
 Affirmed. Costs to appellees.