David B. FITE, Plaintiff,

v.

**DIGITAL EQUIPMENT CORPORATION,**
Defendant.

No. Civ.A.1996–12398.

United States District Court,
D. Massachusetts.

Sept. 16, 1999.

Christopher G. MacKaronis, Laura C. Fentonmiller, Bell, Boyd & Lloyd, Washington, DC, Harold L. Lichten, Pyle, Rome & Lichten, P.C., Boston, MA, for David B. Fite, Plaintiff.

Douglas T. Schwarz, Boston, MA, David C. Casey, Laurie F. Rubin, Peckham, Lobel, Casey, Prince & Tye, Boston, MA, for Digital Equipment Corporation, Defendant.

Michael A. Collora, Dwyer & Collora, Boston, MA, for Patricia Adams, interested party.

### ORDER

YOUNG, Chief Judge.

David B. Fite ("Fite") brought suit against his former employer, Digital Equipment Corporation ("Digital"), for discrimination and retaliation under the Age Discrimination in Employment Act (the "Age Discrimination Act"), 29 U.S.C. § 621 et. seq., the Americans with Disabilities Act (the "Disabilities Act"), 42 U.S.C. § 12101 et. seq., and the Massachusetts Fair Employment Practices Act (the "State Act"), Mass. Gen. L. ch. 151B, § 4. A nine day jury trial resulted in judgment for Digital on all counts. The question currently before the Court is whether Fite must pay Digital's attorney's fees and costs.

█ In determining whether a prevailing party deserves attorney's fees and costs, a court must first ascertain whether legislation authorizes such an award. *See Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n,* 434 U.S. 412, 415, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) ("It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees."). Both the Age Discrimination Act[1] and the State Act[2] authorize attorney's fees for a prevailing plaintiff, but make no similar accommodation for a prevailing defendant. *See* 29 U.S.C. § 216(b); Mass. Gen. L. ch. 151B, § 9. Thus, with respect to the Age Discrimination and State Act claims, Digital must appeal to this Court's "inherent powers to assess attorneys' fees against a party that has acted in bad faith, vexatiously, wantonly, or for oppressive reasons...." *Whitney Bros. Co. v. Sprafkin,* 60 F.3d 8, 13 (1st Cir.1995) (citation and internal quotation marks omitted).

█ The Disabilities Act, in contrast, simply provides that a court may award fees and costs to "the prevailing party." 42 U.S.C. § 12205. Despite this statutory authority, however, it is clear that "[i]n civil rights cases, fee-shifting in favor of a prevailing plaintiff is the rule, whereas fee-shifting in favor of a prevailing defendant is the exception." *Casa Marie Hogar Geriatrico, Inc. v. Rivera–Santos,* 38 F.3d 615, 618 (1st Cir.1994). Thus, while a successful plaintiff "is presumptively entitled to fee-shifting in such a case, a prevailing defendant is entitled to similar largesse only if she can establish that the plaintiffs' suit was totally unfounded, frivolous, or otherwise unreasonable...." *Id.* (internal citations omitted).

█ As the First Circuit has explained, "[a] factfinder's decision that one party's version of the events is more credible than the other party's is, without more, insufficient to justify an award of attorney's fees...." *Whitney Bros.,* 60 F.3d at 14 (internal quotation marks omitted); *ac-*

---

1. The Age Discrimination Act provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *accord Gray v. New England Tel. and Tel. Co.,* 792 F.2d 251, 260 n. 1 (1st Cir.1986) (noting that the Age Discrimination Act only authorizes fee shifting for a prevailing plaintiff).

2. The State Act provides that "[i]f the court finds for the petitioner it shall, in addition to any other relief ... award the petitioner reasonable attorney's fees and costs...." Mass. Gen. Laws ch. 151B, § 9.

**234**

cord *Tang v. Rhode Island, Dep't of Elderly Affairs,* 163 F.3d 7, 13 (1st Cir.1998) (noting that a court "must avoid the post-hoc reasoning that, because the plaintiff did not ultimately prevail, the claim must have been frivolous, unreasonable or without foundation."). Accordingly, this Court cannot assume that Fite acted in bad faith or that his suit was frivolous simply because the jury did not buy his story. To hold otherwise would discourage plaintiffs from filing valid civil rights claims against their employers. This result would directly controvert the very reason why courts have made it so difficult for a prevailing defendant to collect attorney's fees and costs. *See Ward v. Hickey,* 996 F.2d 448, 455 (1st Cir.1993) ("The standard for a civil rights defendant to receive fees is high to encourage legitimate civil rights claims.").

Moreover, a district court enjoys wide discretion to grant or deny attorney's fees. *See Perichak v. International Union of Elec. Radio and Mach. Workers,* 715 F.2d 78, 80 (3d Cir.1983). As the First Circuit has cautioned, a court's inherent power to award fees and costs "must be exercised with restraint and discretion . . . ," and therefore "should be used sparingly and reserved for egregious circumstances." *Whitney Bros.,* 60 F.3d at 13. Accordingly, this Court declines to exercise its powers in the instant case, and hereby DENIES Digital's motion for fees and costs.