USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 99-1312

 PETER A. CRAWFORD,

 Plaintiff, Appellant,

 v.

 CITY OF QUINCY, ET AL.,

 Defendants, Appellees.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. William G. Young, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Selya and Boudin, Circuit Judges.
 
 
 
 
 Peter A. Crawford on brief pro se.
 James S. Timmins on brief for appellee, City of Quincy.
 Richard J. Conner on brief for appellees, One Stop Gas, Inc.,
Petar's Automotive, Inc., Michael Elder and Albert Galano.

February 17, 2000

 
 

 Per Curiam. At a gas station in Quincy,
 Massachusetts, appellant Crawford quarreled with the station
 attendants over what he perceived to be a misleading pricing
 practice. An attendant called the police. Within minutes, the
 police arrested Crawford on a misdemeanor disorderly conduct
 charge. Money was taken from him at the scene to pay the price
 shown on the pump, and his automobile was towed to an adjacent
 lot. When he sought to retrieve his vehicle the next day, he
 was charged a towing fee in excess of any allowed by state
 regulation.
 A jury acquitted Crawford on the misdemeanor charge. 
 He then mounted this federal suit under 42 U.S.C. 1983,
 against the police officer and the City of Quincy (the public
 defendants), the two gas station attendants and their employer,
 One Stop Gas, Inc., and the towing company, Petar's Automotive,
 Inc. (the private defendants). Both corporate defendants are
 wholly owned by one Peter Palmer.
 Crawford alleged, inter alia, that the police officer
 had deprived him of his liberty and property without probable
 cause in violation of the Fourth and Fourteenth Amendments,
 that the private defendants had conspired with the officer to
 effect the deprivations, that both sets of defendants had
 violated state civil rights and tort laws, and that the private
 defendants had engaged in deceptive practices in violation of
 Mass. Gen. Laws ch. 93A. 
 A trial ensued. After both sides had rested, the
 district court granted in part the defendants' motions for
 judgment as a matter of law. The court then submitted the
 remaining claims to the jury which exonerated the private
 defendants, but found the public defendants liable for
 deprivation of Crawford's civil rights, wrongful arrest, and an
 invasion of privacy. The jury awarded damages in the amount of
 $4,116. In addition, the court granted equitable relief in the
 form of an order expunging the record of the arrest (including
 fingerprints and a photograph taken at the time of booking in
 violation of a state law). 
 At a later hearing, the court granted the private
 defendants' motion for attorneys' fees, awarding them "the
 amount that [Crawford] recovers of the City of Quincy and no
 more," and decreeing that "the City of Quincy may discharge the
 judgment entered in Mr. Crawford's favor by either paying off
 One Stop and these other [private] defendants or reaching an
 accommodation with them." Judge Young added: 
 The result is that Mr. Crawford gets no
 monetary benefits, he gets the
 satisfaction of having litigated and won
 against able and ethical counsel, having
 vindicated his rights as against a police
 officer who arrested him without probable
 cause, and he gets the expungement of that
 arrest and all collateral documents in the
 . . . City of Quincy.
 Crawford -- and only Crawford -- appeals. He assigns
 as error (1) the district court's entry of judgment as a matter
 of law on various claims; (2) certain aspects of the jury
 instructions; (3) the court's rejection of his motion for
 judgment as a matter of law on his Chapter 93A claims; and (4)
 the fee award. 
 I.
 Upon de novo review, we affirm the judgment as a
 matter of law. We briefly recount our reasons. In all
 instances, we have taken the evidence in the light most
 favorable to Crawford. See CPC Int'l, Inc. v. Northbrook
 Excess & Surplus Ins. Co., 46 F.3d 1211, 1214 (1st Cir. 1995).
 A.
 As to the section 1983 claims against the private
 defendants, Crawford alleged several conspiracy theories. 
 There was insufficient proof at trial, however, to sustain a
 reasonable inference that a mutual understanding arose between
 the station attendants and the police officer prior to
 Crawford's arrest. The attendants and the officer testified
 without contradiction that they were utter strangers to one
 another before this incident. Although different witnesses
 offered different versions of the relevant events, all the
 testimony pointed to a sudden, unilateral decision by the
 officer to effect the arrest. We have held before, and today
 reaffirm, that "merely initiating a good-faith request for
 police protection [will] not attach liability for the
 subsequent unconstitutional conduct of arresting officers." 
 Wagenmann v. Adams, 829 F.2d 196, 209 (1st Cir. 1987). 
 To be sure, there was proof that after the arrest the
 attendants conversed with the officer and cooperated in the
 taking of Crawford's money and in arranging for towing of
 Crawford's automobile. But this evidence, without more, was
 insufficient to permit a jury reasonably to infer that the
 private defendants thereby knowingly "collogued [with the
 officer] to deprive the plaintiff of his civil rights." Id. 
 Crawford was similarly unsuccessful in making out a
 section 1983 claim against the towing company. The defense
 adduced undisputed testimony that the attendants did not work
 for the towing company and there was no proof that any agent of
 the towing company knew of the events preceding the police
 authorization to tow. Thus, even if the towing company might
 be considered a public actor subject to individual liability
 under section 1983 (due to its municipal towing contract and 
 other facts), there is nothing in the record that serves to
 contradict its assertion of good faith in accepting (and acting
 upon) the facially valid police authorization. This same
 reasoning likewise supports the district court's entry of
 judgment for the towing company on Crawford's conversion claim.
 B.
 The district court did not err in entering judgment
 as a matter of law on two damages claims against the public
 defendants. First, the court decided not to submit to the jury
 a separate claim for compensatory damages for mental distress
 stemming from the "invasion of privacy" that allegedly occurred
 during the booking process. Given that Crawford did not
 testify to any emotional distress traceable separately to the
 booking process, but, rather, described only an
 undifferentiated emotional upset following the entire incident,
 the decision was proper. 
 Second, the court declined to submit to the jury a
 claim for punitive damages arising from the unlawful arrest. 
 We discern no error. "Where . . . the evidence shows no more
 than that an exasperated police officer, acting in the heat of
 the moment, made an objectively unreasonable mistake, punitive
 damages will not lie." Iacobucci v. Boulter, 193 F.3d 14, 26
 (1st Cir. 1999). There was no proof that the officer harbored
 any evil motive nor that he possessed a "conscious awareness"
 that the arrest might violate Crawford's civil rights. Id. 
 II.
 Neither the jury instructions nor the Chapter 93A
 claims need detain us. As to the instructions, it suffices to
 say that they sufficiently conveyed the relevant substance of
 most of the matters that Crawford had wanted explained in
 greater detail to the jury.
 Crawford's Chapter 93A argument, as explicated on
 appeal, seems to be that two of One Stop's pump signs
 allegedly violated Mass. Regs. Code tit. 202, 2.06(2), and
 that, therefore, regardless of whether he relied on those
 signs, the court should have found a "per se" violation of
 Chapter 93A. This argument is unpreserved, and we reject it on
 that basis. For one thing, it was not squarely presented below
 in Crawford's omnibus motion for judgment as a matter of law. 
 For another thing, he compounded the waiver by acquiescing in
 a defense request for a supplementary instruction directing the
 jury to find liability only if it found that he had relied on
 a deceptive practice. 
 III.
 We are unable to sustain the district court's
 decision to award attorneys' fees to the prevailing private
 defendants under 42 U.S.C. 1988. 
 A prevailing defendant in a civil rights case is
 entitled to fees and costs only if the defendant can establish
 that the suit was "totally unfounded, frivolous, or otherwise
 unreasonable" when brought, or that the plaintiff continued the
 litigation after it clearly became so. Bercovitch v. Baldwin
 Sch., Inc., 191 F.3d 8, 10 (1st Cir. 1999) (quoting Casa Marie
 Hogar Geriatrico, Inc. v. Rivera-Santos, 38 F.3d 615, 618 (1st
 Cir. 1994)). This is a necessary precondition to any fee award
 in favor of a defendant under section 1988 (although other
 facts may persuade the court that fees should be denied or
 reduced). See Tang v. Rhode Island Dep't of Elderly Affairs,
 163 F.3d 7, 13-15 (1st Cir. 1998); Foster v. Mydas Assocs.,
 Inc., 943 F.2d 139, 145 (1st Cir. 1991). 
 We review fee awards deferentially, and reverse only
 for abuse of discretion. See Casa Marie, 38 F.3d at 618. We
 may find such an abuse if the lower court ignores a material
 factor, relies upon an improper factor, or makes a serious
 mistake in weighing the relevant factors. See Coutin v. Young
 & Rubicam P. R., Inc., 124 F.3d 331, 336 (1st Cir. 1997). In
 all events, an appellate court "must engage the district
 court's [fee] decision critically." Id. 
 We have instructed trial judges who make (or decline
 to make) fee awards to explain their actions so that "at a bare
 minimum, the order awarding fees, read against the backdrop of
 the record as a whole ...expose[s] the district court's thought
 process and show[s] the method and manner underlying its
 decisional calculus." Id. In this instance, the judge gave
 three reasons for the fee award: (1) that the "federal claim of
 conspiracy was brought without any basis to support it,"
 although, "the rest . . . was a triable case;" (2) that the
 suit had grown out of a $1.86 dispute but had consumed three
 days of trial time and thus judicial resources valued (by the
 judge) at more than $60,000; and (3) that Crawford previously
 had brought "successful lawsuits about minor matters."
 The second and third reasons are troubling; even if
 taken at face value, neither seems sufficient to justify a
 decision to award fees against a civil rights plaintiff. Even
 more troubling, however, is that the court's basic precondition
 for the award -- the finding that the federal conspiracy claim
 was baseless when brought -- does not withstand scrutiny.
 We have reviewed the record in detail. While the
 evidence supports the decision to dismiss the section 1983
 claims against the private defendants at the close of the
 trial, that is not the proper coign of vantage. To the precise
 contrary, in awarding fees to a prevailing defendant, a "court
 must resist the understandable temptation to engage in post hoc
 reasoning by concluding that, because a plaintiff did not
 ultimately prevail, his action must have been unreasonable or
 without foundation." Christiansburg Garment Co. v. EEOC, 434
 U.S. 412, 421-22 (1978). When Crawford brought suit, there was
 a plausible (if circumstantial) foundation for his conspiracy
 claims. Crawford had been arrested without apparent cause or
 police investigation within a few moments of the officer's
 arrival on the scene in response to an attendant's telephoned
 complaint. The officer and the two attendants then conversed
 amongst themselves and all three participated in an improper
 confiscation of money and in the unauthorized towing of
 Crawford's automobile. To make appearances worse, the towing
 was accomplished by a municipal contractor, and the company's
 owner (who also owned the service station) was familiar with
 various police officials. The towing firm then conditioned
 Crawford's retrieval of his vehicle on the payment of a towing
 fee. This is the sort of circumstantial sequence that has
 troubled even seasoned jurists, see, e.g.,Alexis v. McDonald's
 Restaurants of Massachusetts, Inc., 67 F.3d 341, 354 (1st Cir.
 1995) (Bownes, J. dissenting in part); Moore v. The Marketplace
 Restaurant, Inc., 754 F.2d 1336, 1362 (7th Cir. 1985) (Gibson,
 J. dissenting in part), and we think it is unreasonable to hold
 the plaintiff to a higher standard. 
 In sum, we hold that the district court erred in
 finding that the federal conspiracy claims were utterly without
 foundation when suit was brought. Once that finding falls from
 the case, we cannot affirm a fee award to the prevailing
 private defendants under 42 U.S.C. 1988.
 Affirmed in part and reversed in part. No costs.