NOT RECOMMENDED FOR PUBLICATION

File Name: 05a0298n.06

Filed: April 19, 2005

No. 03-4571

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| PREK GASHAJ; HANE GASHAJ; DANJELA GASHAJ; DOMENIKO GASHAJ; DAURELIO GASHAJ, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE BOARD OF IMMIGRATION APPEALS |
| ALBERTO GONZALES,* Attorney General of the United States, | ) ) ) ) | |
| Respondent. | ) | |

**Before: SILER and CLAY, Circuit Judges; BERTELSMAN, District Judge**\*\*

**SILER**, Circuit Judge. Prek Gashaj, as lead petitioner for his family, appeals the decision

of the Board of Immigration Appeals ("BIA") denying his asylum claim. The BIA affirmed the

decision of the Immigration Judge ("IJ") that Gashaj was incredible and did not suffer past

persecution. Gashaj argues that the record does not contain substantial evidence to support this

finding. We **AFFIRM**.

### I. BACKGROUND

---

*Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R. App. P. R. 43(c)(2).

\*\*The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Gashaj and his family are natives and citizens of Albania. In 1997, Gashaj and his daughter entered the United States in order for his daughter to receive medical treatment. They returned to Albania after seven months. Gashaj returned to the United States with his daughter in 2000, as non-immigrant visitors for pleasure, but they overstayed their visas. His wife and other two children later entered the country illegally in 2000.

Gashaj claims asylum based on his membership in the Democratic Party. He testified that he was beaten and jailed twice in the early 1990s after attending political rallies. Between 1991 and 1998 the Democratic Party was in power, and Gashaj was safe during this time. However, when the Socialists regained control, he was again subject to persecution. He testified that he organized a Democratic rally in 1998, and the police beat him after he delivered a speech. He also stated that he was beaten and arrested at a rally in August 2000. He claimed that although he was badly hurt, he did not seek medical treatment out of fear that the police would find him at the hospital. He also testified to receiving threatening phone calls and letters.

The IJ denied Gashaj's asylum application and found Gashaj incredible for the following reasons: 1) two letters failed to mention Gashaj's beatings at rallies, even though the writers witnessed the abuse; 2) two other letters did not contain diacritical marks common in the written Albanian language, and Gashaj could not explain their absence; 3) Gashaj's application for asylum never mentioned that he was beaten to the point of unconsciousness; 4) Gashaj could not consistently state how many people attended the September 1998 rally he allegedly organized; and 5) Gashaj did not mention his cousin's recent death until after cross-examination. The IJ discounted any alleged abuse suffered prior to 1997 because Gashaj left the country and returned without fear. Furthermore, the IJ found that Gashaj's true motivation for coming to the United States was for his daughter's medical treatment, not to flee political persecution.

## II. DISCUSSION

Determinations of the BIA "must be upheld if supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (citation omitted). In *Yu v. Ashcroft*, 364 F.3d 700, 702 (6th Cir. 2004), we upheld the validity of the substantial evidence test. We cannot overturn the BIA's decision simply because we would have decided the case differently. *Klawitter v. INS*, 970 F.2d 149, 151-52 (6th Cir. 1992). We can only reverse a decision if the evidence "compels" it. *Mikhailevitch v. INS*, 146 F.3d 384, 388 (6th Cir. 1998). Because the BIA summarily affirmed the decision of the IJ, we directly review the decision of the IJ. *Denko v. INS*, 351 F.3d 717, 730 (6th Cir. 2003).

The Attorney General has discretion to grant asylum to any alien who qualifies as a "refugee." 8 U.S.C. § 1158(a) & (b). A refugee is someone who is unable or unwilling to return to his home country because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular group, or political opinion." 8 U.S.C. § 1101 (a)(42)(A). The alien must prove that his fear is both "subjectively genuine and objectively reasonable." *Daneshvar v. Ashcroft*, 355 F.3d 615, 623 (6th Cir. 2004). Credibility determinations are findings of fact that can only be overturned if there is not substantial evidence in the record to support this determination. *Yu*, 364 F.3d at 703.

The IJ's decision noted five grounds for denying asylum, and all of these are supported by the record. These five inconsistencies all relate to the heart of Gashaj's claim, so they cannot be used to show a finding of past persecution. *See He v. INS*, 105 Fed. Appx. 54, 57 (6th Cir. 2004) (unpublished table case) (only inconsistencies going to the heart of an asylum claim can support an adverse credibility finding). The IJ first noted that letters from friends in support of Gashaj's petition failed to mention that he was beaten at the two political rallies, even though Gashaj claimed

that they both attended. Gashaj's claim for asylum is almost entirely based on his mistreatment at these two events, yet he cannot explain why these letters did not mention the abuse he allegedly suffered.

The IJ was also critical of two other letters supposedly written in Albania because they contained no diacritical marks common in the written Albanian language. Gashaj claimed that the letters were typed in Albania, but he could not explain the missing marks. Even though the government never explained the significance of the diacritical remarks, these letters remain suspect because they contain virtually the same six opening paragraphs. At no point could Gashaj explain why two different people from different families would write nearly identical statements.

The IJ was also concerned that Gashaj did not mention in his application that he was beaten to the point of unconsciousness at the September 1998 rally. This rally is a central issue in Gashaj's claim for asylum, and omissions and inconsistencies cannot be overlooked. *See Daneshvar v. Ashcroft*, 355 F.3d 615, 623 (6th Cir. 2004) (minor inconsistencies, such as dates, cannot support a finding that an alien is incredible). Furthermore, the fact that Gashaj could not consistently say how many people attended the September 1998 rally that he allegedly organized caused the IJ to doubt whether the rally took place at all or if Gashaj attended it. He stated on direct examination that between 400 and 500 people attended, but on cross-examination, he only said that more than 100 people were at the rally. Although these answers may not be technically inconsistent, the inability of Gashaj to consistently and definitively respond to the questions tends to substantiate the IJ's determination that Gashaj did not prove past persecution.

Furthermore, Gashaj first mentioned his cousin's recent death after cross-examination was over. This fact was not brought out on direct examination; he blurted it out when he was asked to

step down from the witness stand. The spontaneity of such an important fact supports the IJ's credibility determination.

Finally, evidence exists to show that Gashaj entered the United States in 2000, not to receive political asylum, but to obtain medical treatment for his daughter. His entry into the United States came a mere five weeks after allegedly suffering a beating after the August 10, 2002 rally, but he had no intention of seeking political asylum at that time. This evidence tends to disprove Gashaj's claim that he fears future persecution were he to return to Albania.

Because, on the whole, the suspect statements relate to issues at the heart of his asylum claim, Gashaj has failed to show that he suffered past persecution. Without evidence of past persecution or a well-founded fear of future persecution, he is ineligible for asylum. The evidence does not compel a different decision. Because Gashaj cannot establish that he is a "refugee," it is unnecessary to determine whether his case merits "favorable a favorable exercise of discretion" by the Attorney General. *Perkovic v. INS*, 33 F.3d 615, 620 (6th Cir. 1994).[1]

**AFFIRMED**.

---

[1] Gashaj failed to challenge the IJ's determination on the issues of withholding of removal and the applicability of the Convention Against Torture. These issues, therefore, have been waived. *Gjyzi v. Ashcroft*, 386 F.3d 710, 714 (6th Cir. 2004).